IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | |
|---|---|
| SANDRA LYNN MARTIN, | ) |
| Plaintiff, | ) |
| vs. | ) Case No. 08-3368-CV-S-GAF |
| HARLAN HARCLERODE, JR., | ) |
| And | ) **JURY TRIAL DEMANDED** |
| CHESTER W. MITCHELL | ) |
| Defendants. | ) |

**FIRST AMENDED COMPLAINT**

COMES NOW, Plaintiff, Sandra L. Martin, by and through her attorneys, Carla C. Storm, Gino F. Battisti, and Foley & Mansfield, PLLP, and with leave of this Honorable Court, for her cause of action against Defendants, states to the Court as follows:

1. Plaintiff, Sandra L. Martin, is an individual and a citizen and resident of the State of Illinois.

2. Defendant, Harlan D. Harclerode, Jr., is an individual, and a citizen and resident of the State of Colorado;

3. Defendant, Chester W. Mitchell, is an individual, and a citizen and resident of the State of Missouri.

4. Plaintiff and both Defendants are each citizens of different states; the amount in controversy, exclusive of costs, exceeds $75,000.00; therefore, this Court has jurisdiction over this cause of action pursuant to 28 U.S.C. §1332.

5. Venue is proper in this Court pursuant to 28 U.S.C §1391(a)(2), because a substantial part of the events giving rise to this cause of action occurred in Christian County, Missouri, which is located within the judicial district and divisional venue that is overseen by this Court.

6. At all times mentioned herein, U.S. Highway 160 is an open and public highway, located in the State of Missouri, generally running north and south.

7. On or about July 26, 2008, Plaintiff was a passenger on a motorcycle being operated in the Southbound lane of U.S. Highway 160, near the intersection of CRD Two Rivers Road in Christian County, Missouri.

8. At said time and place, Defendant Mitchell was operating a motor vehicle traveling in the Northbound lane of U.S. Highway 160, approaching the intersection of CRD Two Rivers Road.

9. At said time and place, Defendant Harclerode was operating a motor vehicle traveling behind Defendant Mitchell in the Northbound lane of U.S. Highway 160, approaching the intersection of CRD Two Rivers Road.

10. The two vehicles operated by Defendants Mitchell and Harclerode collided, and thereafter the vehicle operated by Defendant Mitchell crossed over the center line of the highway, and struck the motorcycle on which Plaintiff was riding, head on with force and violence.

11. The collision of Defendants Mitchell and Harclerode which caused or contributed to cause Plaintiff to be struck was a direct result of the negligence, carelessness, and fault of Defendants, individually and combined, in the following respects to wit:

A.  Defendant Mitchell:

   a. Defendant Mitchell negligently caused or allowed his vehicle to collide with Plaintiff;

   b. Defendant Mitchell failed to keep and maintain a careful lookout;

   c. Defendant Mitchell drove his vehicle at a rate of speed that was too fast for conditions;

   d. Defendant Mitchell drove at an excessive rate of speed;

   e. Defendant Mitchell failed to maintain adequate braking distance;

   f. Defendant Mitchell knew or by the use of the highest degree of care could have known that there was a reasonable likelihood of collision in time thereafter to have swerved, or sounded a warning, or avoided striking Plaintiff;

   g. Defendant Mitchell was following the vehicle immediately in front of his own vehicle too closely;

   h. Defendant Mitchell suddenly slowed his automobile on the highway without first giving an adequate and timely warning of his intention to slow; and

   i. Defendant Mitchell's automobile was on the wrong side of the road when it collided with Plaintiff.

B.  Defendant Harclerode:

   a. Defendant Harclerode failed to keep and maintain a careful lookout;

   b. Defendant Harclerode drove at an excessive rate of speed;

   c. Defendant Harclerode drove his vehicle at a rate of speed that was too fast for conditions;

   d. Defendant Harclerode failed to maintain adequate braking distance;

e. Defendant Harclerode failed to sound a warning of his approach as he was approaching Defendant Mitchell's vehicle;

f. Defendant knew or by the use of the highest degree of care could have known that there was a reasonable likelihood of collision in time thereafter to have swerved, or sounded a warning or avoided striking the vehicle being operated by Defendant Mitchell;

g. Defendant Harclerode was following the vehicle being operated by Defendant Mitchell too closely;

h. Defendant Harclerode failed to stop or swerve his vehicle away from a collision with the vehicle being operated by defendant Mitchell;

i. Defendant Harclerode's vehicle negligently came into collision with the rear of the vehicle being operated by Defendant Mitchell, thereby causing or contributing to cause Defendant Mitchell to cross over the center line and collide with Plaintiff.

12. All of the actions of Defendants as set out in Paragraph 11 were directly caused or contributed to be caused by their negligence, carelessness and fault individually or in combination with each other.

13. As a direct and proximate result of the collision and negligence and carelessness of Defendants as aforesaid, Plaintiff was caused to sustain and will in the future sustain the following serious, painful, permanent, disabling, and disfiguring medical and physical conditions, ailments, injuries, complaints, losses and damages requiring hospital, medical and surgical treatment:

a. Plaintiff's head, neck, back and spine, limbs, and extremities, and the areas listed in the medical records, including the bones, muscles, joints, tendons, tissues, nerves, nerve roots, membranes, ligaments, cartilage, vessels and parts thereof, were bruised, contused, wrenched, lacerated, sprained, strained, inflamed, swollen, weakened, twisted, torn, rendered painful and amputated.

14. As a direct and proximate result of the collision and negligence and carelessness of Defendants, Plaintiff has been required to undergo extensive medical treatment and will in the future be caused to undergo extensive medical treatment, including surgical procedures, extensive testing, exposure to the risks of testing and medications and their accompanying side effects, physical therapy, and the fitting, use and purchase of assistive walking devices and prostheses, causing Plaintiff to incur expenses and become obligated therefore.

15. As a direct and proximate result of the collision and negligence and carelessness of Defendants, Plaintiff was caused pain, suffering, and discomfort and will continue to experience pain, suffering and discomfort in the future.

16. As a direct and proximate result of the collision and negligence and carelessness of Defendants, Plaintiff has been diminished in her ability to work and labor and will be so diminished in the future.

17. As a direct and proximate result of the collision and negligence and carelessness of Defendants, Plaintiff has lost wages and earnings and will continue to do so in the future.

18. As a direct and proximate result of the collision and negligence and carelessness of Defendants, Plaintiff has incurred expenses for the necessary remodeling of her home and will continue to incur related expenses in the future.

WHEREFORE, Plaintiff prays judgment against Defendants, and each of them, in a sum that is reasonable, in excess of $75,000.00, together with her costs herein expended, and for such other and further relief as the Court deems just and proper.

PLAINTIFF DEMANDS TRIAL BY JURY

Dated: September 24, 2009.

>Respectfully submitted,
>
>FOLEY & MANSFIELD, PLLP
>
>By: *Carla Storm*
>Carla C. Storm, #53793
>Gino F. Battisti, #33148
>1001 Highlands Plaza Drive West
>Suite 400
>St. Louis, Missouri 63110
>(314) 645-7788
>(314) 645-9945 [FAX]
>cstorm@foleymansfield.com
>gbattisti@foleymansfield.com
>**Attorneys for Plaintiff**

## CERTIFICATE OF SERVICE

I, Carla C. Storm, attorney for Plaintiff Sandra L. Martin, in the above-entitled cause, hereby certify that on the 24th day of September, 2009, I electronically filed the foregoing with the Clerk of the District Court, Southern Division, using the CM\ECF system, which sent notification of such filing to the following: Monte P. Clithero (Taylor, Stafford, Clithero, FitzGerald & Harris, LLP) mclithero@taylorstafford.com, attorney for Defendant Harlan D. Harclerode, Jr.; and David F. Sullivan (Schmidt, Kirby & Sullivan, P.C.) dsullivan@skslawfirm.com, attorney for Defendant Chester W. Mitchell, by electronic mail.

*Carla Storm*