# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF MISSOURI
# SOUTHERN DIVISION

| | |
|---|---|
| SANDRA LYNN MARTIN, ) | |
| ) | |
|     **Plaintiff,** ) | |
| ) | |
| vs. ) | Case No. 08-3368-CV-S-GAF |
| ) | |
| HARLAN HARCLERODE, JR., and ) | |
| CHESTER W. MITCHELL, ) | |
| ) | |
|     **Defendants.** ) | |

## ORDER

Presently before the Court is Plaintiff Sandra Lynn Martin's ("Plaintiff") Motion for Partial Summary Judgment on Issue of Liability of Defendant Harclerode, filed pursuant to Fed. R. Civ. P. 56. (Doc. # 92). Plaintiff requests the Court grant summary judgment against Defendant Harlan Harclerode ("Harclerode") on the issue of liability by finding that he negligently failed to keep a careful look-out, which caused Plaintiff's alleged injuries. *Id.* Harclerode opposes, arguing that factual questions exist that should be resolved by the jury and preclude summary judgment on the issue of Harclerode's liability. (Doc. # 95). For the reasons set forth below, Plaintiff's Motion is **DENIED**.

## DISCUSSION

**I.  FACTS**

**A.  Statements of Undisputed Fact**[1]

---

[1] Unless otherwise stated, all facts below are taken from those facts set forth in Plaintiff's Suggestions in Support of the present Motion and admitted by Harclerode in his Suggestions in Opposition. (See Docs. ## 92-1, 95).

U.S. Highway 160 is an open and public highway located in the State of Missouri, generally running North and South. On July 26, 2008, around 7:55 p.m., Plaintiff was a passenger on a motorcycle being operated in the Southbound lane of U.S. Highway 160, near the intersection of CRD Two Rivers Road in Christian County, Missouri. Defendant Chester W. Mitchell ("Mitchell") was operating a motor vehicle traveling in the Northbound lane of U.S. Highway 160, approaching the intersection of CRD Two Rivers Road, and Harclerode was operating a motor vehicle traveling behind Mitchell in the Northbound lane.[2]

Harclerode believes he was traveling with the flow of traffic and following Mitchell's vehicle at a reasonable following distance. While following behind Mitchell's vehicle, Harclerode took his eyes off the road ahead of him to look down at his air conditioning controls. When Harclerode looked back up at the road, he saw brake lights in front of him, and he was unable to stop in time to avoid a collision with the rear of Mitchell's vehicle. Harclerode admitted that if he had been looking ahead at the roadway rather than looking down at the air conditioning controls, he should have seen Mitchell's vehicle slowing and been able to stop in time to avoid hitting Mitchell's vehicle.

Harclerode's expert, Allen Hines, opined that the impact between Harclerode's vehicle and Mitchell's vehicle caused Mitchell's vehicle to rotate and cross the centerline. Some time after Mitchell's vehicle crossed the centerline, Mitchell's vehicle collided with the motorcycle on which

---

[2]Plaintiff has also asserted claims for negligence against Mitchell, but Mitchell's liability is not directly at issue in the present Motion.

Plaintiff was riding.[3] As a result of this collision, Plaintiff sustained personal injuries including but not limited to amputation of her left leg above the knee.

**B.      Statements of Disputed Fact**

Harclerode set forth the following additional facts. First, Harclerode asserts that after the collision between Harclerode and Mitchell, Mitchell's vehicle traveled over one-hundred-fifty (150) feet before colliding with the motorcycle Plaintiff was riding. (Deposition of Allen Hines ("Depo. of Hines"), 53:9-19). Second, Harclerode suggests that if defendant Mitchell had allowed his vehicle to travel in the direction it was traveling immediately after the collision with Harclerode, it is likely Mitchell's vehicle would have continued onto the shoulder and out of the path of the motorcycle Plaintiff was riding. (Depo. of Hines, 48:1-7, 57:12-58:25). Third, Harclerode presents evidence suggesting that if Mitchell had applied his vehicle's brakes the entire time after the collision with Harclerode's vehicle, Mitchell's vehicle would have stopped prior to reaching the area of the collision involving the motorcycle. (*Id.* at 47:14-25). Fourth, Harclerode offers evidence suggesting that after the initial collision between his vehicle and Mitchell's vehicle, Mitchell took action to steer his vehicle into oncoming traffic. (*Id.* at 57:12-58:25).

**II.     LEGAL STANDARDS**

Fed. R. Civ. P. 56 addresses motions for summary judgment. Summary judgment should be granted if the "pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). On summary judgment, a district court

---

[3]As addressed below, Harclerode denies that the collision between Mitchell's vehicle and the motorcycle Plaintiff was riding occurred immediately after Mitchell's vehicle crossed over the center line.

must view the facts "in the light most favorable to the nonmovant, giving it the benefit of all reasonable inferences to be draw from the facts." *Woodsmith Publ'g Co. v. Meredith Corp.*, 904 F.2d 1244, 1247 (8th Cir. 1990).

At the summary judgment stage, the Court's function is "not . . . to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). "[O]rdinarily the question of causation is for the jury." *Burrel ex rel. Schatz v. O'Reilly Auto., Inc.*, 175 S.W.3d 642 (Mo. Ct. App. 2005) (quotations and citations omitted). However, "under clear and compelling circumstances, the question becomes one of law for the courts." *Id.*

## III. ANALYSIS

Based on the facts presented, when viewed in the light most favorable to Harclerode, the Court finds that this case does not present clear and compelling circumstances that warrant taking the questions of causation and liability from the jury. While the Plaintiff makes valid arguments in favor of granting summary judgment against Harclerode on the issue of liability, the Court is hesitant to take the issue from the jury where multiple alleged tortfeasors are present and, regardless of the Court's decision, the jury must hear all evidence necessary to decide Harclerode's degree of liability under Missouri's comparative fault statute. *See Metzger v. Schermesser*, 687 S.W.2d 671, 674 (Mo. Ct. App. 1985) (stating the determination of the respective degree of fault of multiple tortfeasors is generally a question for the jury); *see also* Mo. Rev. Stat. § 537.067 (2010). Giving Harclerode the benefit of all reasonable inferences that may be drawn from the facts and evidence, factual questions of Harclerode's liability exist that preclude summary judgment, and those questions will best be determined by the finder of fact.

4

## **CONCLUSION**

For the reasons stated above, factual issues relating to Harclerode's liability exist that preclude summary judgment. Because this case involves multiple potential tortfeasors and multiple, potential proximate causes, the jury, upon hearing all relevant facts, will be in the best position to finally determine the nature and extent of Harclerode's liability in this case. Therefore, Plaintiff's Motion is **DENIED**.

                                                    s/ Gary A. Fenner
                                                    Gary A. Fenner, Judge
                                                    United States District Court

DATED: June 30, 2010